THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JERMAINE HICKLES,<br><br>                Defendant. | CASE NO. CR18-0015-JCC<br><br>ORDER |

This matter comes before the Court on the United States's and Third-Party Claimant Emerson Tyler Jones's stipulated motion to settle Mr. Jones's third-party claim to a firearm forfeited by Defendant in this case (Dkt. No. 50). Mr. Jones has asserted an interest in the Glock 21 .45 caliber handgun, serial number XVZ404. (Dkt. No. 40.) Having thoroughly considered the parties' stipulation and the relevant record, the Court hereby GRANTS the motion.

The United States and Mr. Jones hereby stipulate to the following facts:

1.     In support of his claim, Mr. Jones submitted a receipt from West Coast Armory Range in Bellevue, Washington reflecting that he purchased the Glock 21 on September 19, 2015. Mr. Jones states that the Glock 21 was stolen from his vehicle and that he reported the theft to the King County Sheriff's Office (Case No. C17048332). Records maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") confirm Mr. Jones is the last individual to have purchased the Glock 21 from a Federal Firearms Licensee—and, specifically,

ORDER
CR18-0015-JCC
PAGE - 1

from West Coast Armory in Bellevue, Washington. ATF has confirmed Mr. Jones has no identifiable criminal history that would preclude him from possessing the Glock 21 at this time.

2. Mr. Jones affirms the information reflected in paragraph 1 is true and correct. He also affirms that no one living in his residence is prohibited from possessing a firearm.

3. Based on the information reflected in paragraph 1 and Mr. Jones's affirmation in paragraph 2, the United States agrees that Mr. Jones had a vested interest in the Glock 21, pursuant to 21 U.S.C. § 853(n)(6)(A), before Defendant possessed it.

4. The United States recognizes Mr. Jones's vested interest in the Glock 21 and agrees that it will return that firearm to Mr. Jones following completion of the criminal proceedings in this case, including any criminal appeal. The seizing agency, ATF, will effect the return of the Glock 21 to Mr. Jones.

5. Mr. Jones understands the Glock 21 constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, including any criminal appeal.

6. Mr. Jones understands and agrees the Glock 21 will be returned to him in its current condition, as it was seized from Defendant.

7. Mr. Jones understands and agrees that this stipulation fully and finally resolves his claim to the Glock 21. Mr. Jones waives any right to further litigate or pursue his claim, in this or any other proceeding, judicial or administrative.

8. Upon return of the Glock 21, Mr. Jones agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Mr. Jones may possess, or that could arise, based on the seizure, detention, and return of the Glock 21.

9. The United States and Mr. Jones agree they will each bear their own costs and attorney fees associated with the seizure, detention, and return of the Glock 21, as well as Mr.

Jones's claim and this stipulation. Mr. Jones expressly waives any right to seek attorney fees pursuant to 28 U.S.C. § 2465.

10. Mr. Jones understands that, after this stipulation is filed, the United States will be moving to finally forfeit other firearms Defendant agreed to forfeit, to which neither Mr. Jones nor anyone else has filed a claim.

11. The United States and Mr. Jones agree the terms of this stipulation are subject to review and approval by the Court, as provided in the proposed order. A violation of any term or condition of this stipulation shall be construed to be a violation of the Court's order.

Respectfully submitted,
BRIAN T. MORAN
United States Attorney

DATED: 1/29/19

*/s Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

DATED: 1/29/19

*/s Emerson Tyler Jones*
EMERSON TYLER JONES
Third-Party Claimant
c/o Richard Llewelyn Jones
Kovac & Jones, PLLC
P.O. Box 1548
Snohomish, WA 98291
(425) 462-7322
rlj@kovacandjones.com

The Court has reviewed the above stipulation between the United States and Third-Party Claimant Emerson Tyler Jones, which settles the interest Mr. Jones has asserted in the Glock 21 .45 caliber handgun, serial number XVZ404 (Dkt. No. 40), which has already been forfeited by Defendant in this case (Dkt. No. 34). The Court hereby GRANTS the stipulated motion (Dkt. No. 50) and approves the stipulation.

DATED this 30th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE