THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JERMAINE HICKLES,<br><br>    Defendant. | CASE NO. CR18-0015-JCC<br><br>ORDER |

This matter comes before the Court on the United States' and Third-Party Claimant Jeffrey Krausse's stipulated motion to settle Mr. Krausse's third-party claim to a firearm forfeited by Defendant in this case (Dkt. No. 52). Mr. Krausse has asserted an interest in the Ruger P90 .45 caliber handgun, serial number 663-65572 ("Ruger P90"), and the Ruger LCR .357 caliber revolver, serial number 546-46344 ("Ruger LCR") used in Defendant's underlying criminal conduct. (Dkt. No. 46.) Having thoroughly considered the parties' stipulation and the relevant record, the Court hereby GRANTS the motion.

The United States and Mr. Krausse hereby stipulate to the following facts:

1.    In support of his claim, Mr. Krausse asserts he purchased the Ruger P90 in Fort Lewis, Washington. He submitted a photograph of the original box for that firearm reflecting its serial number. Mr. Krausse states that both the Ruger P90 and the Ruger LCR were stolen from his vehicle at a SeaTac hotel on or about June 16, 2017. He has submitted a copy of the incident

report he filed with the King County Sheriff after the theft. The incident report identifies the Ruger P90 and its serial number, but indicates Mr. Krausse bought the Ruger LCR at a gun show and did not have the serial number for it. Mr. Krausse reports he does not have the receipt for the Ruger LCR, nor was he able to submit a Washington State Department of Licensing pistol transfer application or other registration for that firearm. Records maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") confirm Mr. Krausse is the last individual to have purchased the Ruger P90 from a Federal Firearms Licensee ("FFL") – specifically, from Northwest Adventure Center in Fort Lewis, Washington on November 29, 2004. ATF records for the Ruger LCR reflect Mr. Krausse was not its last identified purchaser from an FFL. ATF has confirmed Mr. Krausse has no identifiable criminal history that would preclude him from possessing a firearm at this time.

2. Mr. Krausse affirms that the information contained in paragraph 1 is true and correct. He also affirms that no one living in his residence is prohibited from possessing a firearm.

3. Based on the information contained in paragraph 1 and Mr. Krausse's affirmation in paragraph 2, the United States agrees that Mr. Krausse had a vested interest in the Ruger P90, pursuant to 21 U.S.C. § 853(n)(6)(A), before the Defendant in this case possessed it. As Mr. Krausse is unable to submit evidence reflecting his ownership of the Ruger LCR, however, the United States is not able to confirm he has any interest in that second firearm.

4. The United States recognizes Mr. Krausse's vested interest in the Ruger P90 and agrees it will return that firearm to Mr. Krausse following completion of the criminal proceedings in this case, including any criminal appeal. The seizing agency, ATF, will effect the return of the Ruger P90 to Mr. Krausse. Mr. Krausse understands and acknowledges that the United States cannot, in the absence of any evidence reflecting he has an ownership interest in it, return the Ruger LCR to him. Mr. Krausse understands and acknowledges that the United States will be finally forfeiting the Ruger LCR in this case.

5. Mr. Krausse understands and acknowledges that the Ruger P90 constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, including any criminal appeal.

6. Mr. Krausse understands and agrees that the Ruger P90 will be returned to him in its current condition, as it was seized from Defendant.

7. Mr. Krausse understands and agrees that this stipulation fully and finally resolves his claim to the Ruger P90 and Ruger LCR. Mr. Krausse waives any right to further litigate or pursue his claim, in this or any other proceeding, judicial or administrative.

8. Upon return of the Ruger P90, Mr. Krausse agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Mr. Krausse may possess, or that could arise, based on the seizure, detention, and return of the Ruger P90.

9. The United States and Mr. Krausse agree they will each bear their own costs and attorney fees associated with the seizure, detention, and return of the Ruger P90, as well as Mr. Krausse's claim and this stipulation. Mr. Krausse expressly waives any right to seek attorney fees pursuant to 28 U.S.C. § 2465.

10. Mr. Krausse understands that, after this stipulation is filed, the United States will be moving to finally forfeit the Ruger LCR, as well as other firearms Defendant agreed to forfeit, to which neither Mr. Krausse nor anyone else has filed a claim.

11. The United States and Mr. Krausse agree that the terms of this stipulation are subject to review and approval by the Court, as provided in the proposed order. A violation of any term or condition of this stipulation shall be construed as a violation of the Court's order.

//
//
//

1                                                            Respectfully submitted,
BRIAN T. MORAN
United States Attorney

DATED: 1/30/19                  */s Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

DATED: 1/30/19                  */s Jeffrey L. Krausse*
JEFFREY L. KRAUSSE
Third-Party Claimant
8785 Road 7.7 NW
Ephrata, Washington 98823
(509) 398-2182
krau235@lni.wa.gov

1   The Court has reviewed the above stipulation between the United States and Third-Party
2   Claimant Jeffrey Krausse, which settles the interest Mr. Krausse has asserted in the Ruger P90
3   .45 caliber handgun, serial number 663-65572, and the Ruger LCR .357 caliber revolver, serial
4   number 546-46344 (Dkt. No. 46), which have already been forfeited by Defendant (Dkt. No. 34).
5   The Court hereby GRANTS the stipulated motion (Dkt. No. 52) and approves the stipulation.

DATED this 1st day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE