THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JERMAINE HICKLES,<br><br>    Defendant. | CASE NO. CR18-0015-JCC<br><br>ORDER |

This matter comes before the Court on the United States and Third-Party Claimant Phillip Thomas Anderson's stipulated motion to settle Mr. Anderson's third-party claim to a firearm forfeited by Defendant in this case (Dkt. No. 55). Mr. Anderson has asserted an interest in the Kel-Tec P32 .32 caliber handgun, serial number 109212 ("Kel-Tec P32"), used in Defendant's underlying criminal conduct. (Dkt. No. 45.) Having thoroughly considered the parties' stipulation and the relevant record, the Court hereby GRANTS the motion.

The United States and Mr. Anderson hereby stipulate to the following facts:

1. In support of his claim, Mr. Anderson submitted a receipt from Weapons Safety in Bellevue, Washington reflecting he purchased a Kel-Tec P32 on April 4, 2003. He also submitted a photograph of the original box for the Kel-Tec P32, which reflects its serial number. Mr. Anderson states that the Kel-Tec P32 was stolen from his vehicle on November 29, 2012, and he submitted a copy of the incident report he filed with the Lake Stevens Police Department

after the theft. Records maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") confirm Mr. Anderson is the last individual to have purchased the Kel-Tec P32 from a Federal Firearms Licensee—and, specifically, from Weapons Safety in Bellevue, Washington. ATF has confirmed Mr. Anderson has no identifiable criminal history that would preclude him from possessing the Kel-Tec P32 at this time.

2. Mr. Anderson affirms the information reflected in paragraph 1 is true and correct. He also affirms that no one living in his residence is prohibited from possessing a firearm.

3. Based on the information reflected in paragraph 1 and Mr. Anderson's affirmation in paragraph 2, the United States agrees that Mr. Anderson had a vested interest in the Kel-Tec P32, pursuant to 21 U.S.C. § 853(n)(6)(A), before Defendant possessed it.

4. The United States recognizes Mr. Anderson's vested interest in the Kel-Tec P32 and agrees that it will return that firearm to Mr. Anderson following completion of the criminal proceedings in this case, including any criminal appeal. The seizing agency, ATF, will effect the return of the Kel-Tec P32 to Mr. Anderson.

5. Mr. Anderson understands that the Kel-Tec P32 constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, including any criminal appeal.

6. Mr. Anderson understands and agrees that the Kel-Tec P32 will be returned to him in its current condition, as it was seized from Defendant.

7. Mr. Anderson understands and agrees that this stipulation fully and finally resolves his claim to the Kel-Tec P32. Mr. Anderson waives any right to further litigate or pursue his claim, in this or any other proceeding, judicial or administrative.

8. Upon return of the Kel-Tec P32, Mr. Anderson agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from

any and all claims Mr. Anderson may possess, or that could arise, based on the seizure, detention, and return of the Kel-Tec P32.

9. The United States and Mr. Anderson agree that they will each bear their own costs and attorney fees associated with the seizure, detention, and return of the Kel-Tec P32, as well as Mr. Anderson's claim and this stipulation. Mr. Anderson expressly waives any right to seek attorney fees pursuant to 28 U.S.C. § 2465.

10. Mr. Anderson understands that, after this stipulation is filed, the United States will be moving to finally forfeit other firearms Defendant agreed to forfeit, to which neither Mr. Anderson nor anyone else has filed a claim.

11. The United States and Mr. Anderson agree that the terms of this stipulation are subject to review and approval by the Court, as provided in the proposed order. A violation of any term or condition of this stipulation shall be construed to be a violation of the Court's order.

Respectfully submitted,
BRIAN T. MORAN
United States Attorney

DATED: 2/5/19

*/s Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

DATED: 1/28/19

*/s Phillip Thomas Anderson*
PHILLIP THOMAS ANDERSON
Third-Party Claimant
16215 Prairie Villa Street SW
Tenino, Washington 98589
(425) 530-9939
phillip.t.anderson0215@gmail.com

1    The Court has reviewed the above stipulation between the United States and Third-Party
2 Claimant Phillip Thomas Anderson, which settles the interest Mr. Anderson has asserted in the
3 Kel-Tec P32 .32 caliber handgun, serial number 109212 (Dkt. No. 45), which has already been
4 forfeited by Defendant (Dkt. No. 34). The Court hereby GRANTS the stipulated motion (Dkt.
5 No. 55) and approves the stipulation.

DATED this 22nd day of February 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE