THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JERMAINE HICKLES,

        Defendant.

CASE NO. CR18-0015-JCC

ORDER

This matter comes before the Court on the United States and Third-Party Claimant Diamonique Hayward's stipulated motion to settle Ms. Hayward's third-party claim to a firearm forfeited by Defendant in this case (Dkt. No. 56). Ms. Hayward has asserted an interest in the Taurus Millennium G2 9 mm handgun, serial number TJU35660 ("Taurus Millennium"), used in Defendant's underlying criminal conduct. (Dkt. No. 48.) Having thoroughly considered the parties' stipulation and the relevant record, the Court hereby GRANTS the motion.

The United States and Ms. Hayward hereby stipulate to the following facts:

1.     In support of her claim, Ms. Hayward asserts that she purchased the Taurus Millennium from Mary's Pistols in Tacoma, Washington in October 2016. In support of her claim, Ms. Hayward has submitted a copy of a Washington State Department of Licensing Pistol Transfer Application, reflecting that purchase as well as the serial number for the firearm. Ms. Hayward states that the Taurus Millennium was stolen from her vehicle in Lakewood,

Washington and that she reported the theft to the Lakewood Police Department. Records maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") confirm Ms. Hayward is the last individual to have purchased the Taurus Millennium from a Federal Firearms Licensee—and, specifically, from Mary's Pistols in Tacoma, Washington. ATF has confirmed Ms. Hayward has no identifiable criminal history that would preclude her from possessing a firearm at this time.

2. Ms. Hayward affirms the information reflected in paragraph 1 is true and correct. She also affirms that no one living in her residence is prohibited from possessing a firearm.

3. Based on the information reflected in paragraph 1 and Ms. Hayward's affirmation in paragraph 2, the United States agrees that Ms. Hayward had a vested interest in the Taurus Millennium, pursuant to 21 U.S.C. § 853(n)(6)(A), before Defendant possessed it.

4. The United States recognizes Ms. Hayward's vested interest in the Taurus Millennium and agrees it will return that firearm to her following completion of the criminal proceedings in this case, including any criminal appeal. The seizing agency, ATF, will effect the return of the Taurus Millennium to Ms. Hayward.

5. Ms. Hayward understands that the Taurus Millennium constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, including any criminal appeal.

6. Ms. Hayward understands and agrees that the Taurus Millennium will be returned to her in its current condition, as it was seized from Defendant.

7. Ms. Hayward understands and agrees that this stipulation fully and finally resolves her claim to the Taurus Millennium. Ms. Hayward waives any right to further litigate or pursue her claim, in this or any other proceeding, judicial or administrative.

8. Upon return of the Taurus Millennium, Ms. Hayward agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from

any and all claims Ms. Hayward may possess, or that could arise, based on the seizure, detention, and return of the Taurus Millennium.

9. The United States and Ms. Hayward agree that they will each bear their own costs and attorney fees associated with the seizure, detention, and return of the Taurus Millennium, as well as Ms. Hayward's claim and this stipulation. Ms. Hayward expressly waives any right to seek attorney fees pursuant to 28 U.S.C. § 2465.

10. Ms. Hayward understands that, after this stipulation is filed, the United States will be moving to finally forfeit other firearms Defendant agreed to forfeit, to which neither Ms. Hayward nor anyone else has filed a claim.

11. The United States and Ms. Hayward agree that the terms of this stipulation are subject to review and approval by the Court, as provided in the proposed order. A violation of any term or condition of this stipulation shall be construed to be a violation of the Court's order.

Respectfully submitted,
BRIAN T. MORAN
United States Attorney

DATED: 2/5/19

*/s Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

DATED: 1/30/19

*/s Diamonique Hayward*
DIAMONIQUE HAYWARD
Third-Party Claimant
7125 150th Street SW, Apt. D
Lakewood, Washington 98439
(206) 376-6945
haydiamon@gmail.com

The Court has reviewed the above stipulation between the United States and Third-Party Claimant Diamonique Hayward, which settles the interest Ms. Hayward has asserted in the Taurus Millennium G2 9 mm handgun, serial number TJU35660 (Dkt. No. 48), which has already been forfeited by Defendant (Dkt. No. 34). The Court hereby GRANTS the stipulated motion (Dkt. No. 56) and approves the stipulation.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR18-0015-JCC
PAGE - 4