THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0015-JCC |
| Plaintiff, | ORDER |
| v. | |
| JERMAINE HICKLES, | |
| Defendant. | |

This matter comes before the Court on Petitioner Shavel Pope's motion to intervene and unseal documents (Dkt. No. 62) and on Defendant Jermaine Hickles's motion to seal his response to Petitioner's motion to unseal documents (Dkt. No. 65.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Petitioner's motion (Dkt. No. 62) and GRANTS Defendant's motion (Dkt. No. 65) for the reasons explained herein.

**I.    BACKGROUND**

In May 2018, Hickles pled guilty to one count of felon in possession of a firearm, one count of possession with intent to distribute methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking crime. (*See* Dkt. No. 22.) In his plea agreement, Hickles admitted that he illegally possessed 17 firearms when he was arrested. (*Id.* at 6–7.) Prior to his sentencing, Hickles submitted a sentencing memorandum outlining several mitigating

factors in support of a lighter sentence. (Dkt. No. 33.) One such factor that Hickles asserted was that he suffered from post-traumatic stress disorder as a result of being shot by Pope in 2014. (*See id*.) The Court sealed Hickles's sentencing memorandum. (Dkt. No. 37.)

In 2015, Pope was convicted in King County Superior Court of shooting Hickles. (*Id*. at 2.) At his trial, Pope asserted that the shooting was in self-defense because Hickles had shot at him first. (*Id*.) But Hickles testified at Pope's trial that he wasn't carrying a gun when Pope shot him, that he didn't own a gun, and that he "didn't deal with [guns] anymore." (Dkt. No. 62-3 at 8–9.) Pope now seeks to unseal Defendant's sentencing memorandum in this case, in order to attack the credibility of Hickles's testimony regarding Hickles's use and possession of firearms during the period at issue in Pope's trial. (*See* Dkt. No. 62.)

## II. DISCUSSION

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g). To overcome this presumption, there must be a "compelling reason" for sealing sufficient to outweigh the public's interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (applying the "compelling reason" test to motions to seal documents "more than tangentially related to the merits of a case").

There is a compelling reason for Hickles's sentencing memorandum to remain under seal because it contains highly sensitive details of his testimony at Pope's trial. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Pope has failed to show an adequate need for the information sufficient to overcome this compelling reason for maintaining the sentencing memorandum under seal. (*See* Dkt. No. 62.) The information that Pope seeks regarding Hickles's possession and use of firearms is not contained in the sentencing memorandum. Moreover, relevant information that Pope seeks regarding Hickles's possession of firearms is available from other publicly available documents such as the transcript of Hickles's sentencing hearing and Hickles's plea agreement. (*See* Dkt. Nos. 22, 62-1.)

## III. CONCLUSION

For the foregoing reasons, Pope's motion to unseal (Dkt. No. 62) is DENIED.[1]

DATED this 12th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] For the same reasons unsealing is inappropriate here and sealing Hickles's sentencing memorandum was appropriate (*See* Dkt. No. 37), Defendant's motion to seal his response to Pope's motion (Dkt. No. 65) is GRANTED.