THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>JERMAINE HICKLES,<br><br>              Defendant. | CASE NO. CR18-0015-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Jermaine Hickles's emergency motion for compassionate release (Dkt. No. 74), Mr. Hickles's motion to seal (Dkt. No. 75), the Government's motion to file an overlength brief (Dkt. No. 83), the Government's motion to seal (Dkt. No. 85), and Mr. Hickles's motion to file an overlength brief (Dkt. No. 87). Having considered the parties' briefing and the relevant record, the Court hereby DENIES Mr. Hickles's motion for compassionate release (Dkt. No. 74), GRANTS in part and DENIES in part Mr. Hickles's motion to seal (Dkt. No. 75), GRANTS the Government's motion to file an overlength brief (Dkt. No. 83), GRANTS the Government's motion to seal (Dkt. No. 85), and GRANTS Mr. Hickles's motion to file an overlength brief (Dkt. No. 87).

I.   BACKGROUND

On August 14, 2018, the Court sentenced Mr. Hickles to 84 months of incarceration followed by three years of supervised release for possession of methamphetamine with intent to

distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. (Dkt. Nos. 35, 36 at 2.) Mr. Hickles is currently incarcerated at FCI Sheridan. (Dkt. No. 74 at 4.)

On December 23, 2020, Mr. Hickles requested that the warden of FCI Sheridan file a motion for compassionate release on his behalf. (Dkt. No. 74 at 3, 5.) The warden of FCI Sheridan has yet to respond. (*Id.* at 3.) Even so, Mr. Hickles now asks the Court to release him before he serves the remaining 33 months of his 84-month sentence because Mr. Hickles has underlying health conditions that make him more likely to develop a severe case of COVID-19 and the conditions of confinement at federal facilities prevent effective control of COVID-19. (*See* Dkt. No. 74 at 4, 16–23) (noting that Mr. Hickles's projected release date is October 26, 2023).

## II. DISCUSSION

### 1. Motion for Compassionate Release

The Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the 18 U.S.C. § 1335(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i). But, as a threshold matter, a defendant must demonstrate that he has satisfied the statute's exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Namely, a defendant must show that he exhausted administrative remedies or waited 30 days after filing a request with the warden before filing the instant motion. *See id.* Mr. Hickles fails to make this showing. (Dkt. No. 74 at 3, 5.)

Mr. Hickles acknowledges that 18 U.S.C. § 3582(c)(1)(A) requires him to wait 30 days to file his motion, but he claims that the Court can and should waive that requirement because waiting for the warden to respond would be futile and would result in irreparable harm. (*See* Dkt. No. 74 at 5–12.) The Court previously determined that the statute's 30-day waiting period is not waivable. *See United States v. Pippin*, 2020 WL 2199573, slip op. at 1 (W.D. Wash. 2020);

*United States v. Dadi*, 2020 WL 5982007, slip op. at 1 (W.D. Wash. 2020). At least five Courts of Appeals have confirmed the Court's interpretation. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833–35 (6th Cir. 2020); *United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020); *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020). Mr. Hickles does not cite any intervening authority that compels a different result. Therefore, the Court concludes it lacks authority to waive Mr. Hickles's failure to satisfy Section 3582(c)(1)(A)'s exhaustion requirement.[1]

In his reply brief, Mr. Hickles requests that the Court renote his motion for compassionate release if it finds that his motion is premature. (Dkt. No. 88 at 5.) The Court DENIES this request because the argument was raised for the first time in reply, thereby preventing the Government from responding to it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, even if Mr. Hickles raised his argument in his opening brief, 18 U.S.C. § 3582(c)(1)(A) precludes such an approach; it allows the Court to reduce a sentence "upon motion of the defendant" only if the motion is filed after the defendant has exhausted administrative remedies or "after . . . the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *See Franco*, 973 F.3d at 467 (defendants must exhaust administrative remedies or "wait for thirty days after the warden's receipt of the request before filing a motion in federal court"); *Alam*, 960 F.3d at 833–34 (defendants must exhaust administrative rights or wait 30 days "before they may move on their own behalf").

2.  **Motions to Seal and Motions to File Overlength Brief**

Mr. Hickles and the Government each move to maintain Mr. Hickles's medical records

---

[1] The Court need not decide whether 18 U.S.C. § 3582(c)(1)(A) is "jurisdictional." Even if the statute is a "claims-processing rule," as Mr. Hickles argues, (Dkt. No. 74 at 7–8), claims-processing rules are mandatory when properly raised and not forfeited. *See Alam*, 960 F.3d at 833. Here, the Government properly raised the exhaustion requirement. (Dkt. No. 84 at 7–9.)

under seal. (Dkt. Nos. 75, 85.) Mr. Hickles also moves to maintain his institutional records under seal. (Dkt. No. 75.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Mr. Hickles's motion for compassionate release is a dispositive motion. The Court FINDS that Mr. Hickles has a compelling interest in maintaining his medical records (Dkt. Nos. 76, 86) under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). However, Mr. Hickles's motion (Dkt. No. 75) does not demonstrate either good cause or compelling reasons to maintain his "institutional records" (Dkt. No. 76-1) under seal.

Additionally, Mr. Hickles moves to file a motion for compassionate release up to 26 pages in length, and the Government moves to file a 15-page response. (Dkt. Nos. 83, 87). The Court FINDS that a motion and a response brief of these respective lengths are reasonable in light of these circumstances and GRANTS the motions.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Hickles's motion for compassionate release (Dkt. No. 74), GRANTS in part and DENIES in part Mr. Hickles's motion to seal (Dkt. No. 75), GRANTS the Government's motion to file an overlength brief (Dkt. No. 83), GRANTS the Government's motion to seal (Dkt. No. 85), and GRANTS Mr. Hickles's motion to file an overlength brief (Dkt. No. 87). The Clerk is DIRECTED to maintain Docket Numbers 76 and 86 under seal until further order of the Court and to unseal Docket Number 76-1.

//

//

//

DATED this 14th day of January 2021.

*John C. Coughenour* (signature)

John C. Coughenour
UNITED STATES DISTRICT JUDGE