THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0015-JCC |
| Plaintiff, | ORDER |
| v. | |
| JERMAINE HICKLES, | |
| Defendant. | |

This matter comes before the Court on Defendant Jermaine Hickles's renewed motion for a reduction in sentence[1] (Dkt. No. 91) and the Government's motion to seal (Dkt. No. 94). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Hickles's motion for a reduction in sentence (Dkt. No. 91) and GRANTS the Government's motion to seal (Dkt. No. 94) for the reasons explained herein.

I.  BACKGROUND

Detectives recovered 16 firearms, over 500 grams of methamphetamine, and $48,136 in cash from Mr. Hickles's bedroom in 2017. (Dkt. No. 22 at 6–7.) Mr. Hickles pled guilty to

---

[1] Mr. Hickles titles his motion a "second" motion for compassionate release. (Dkt. No. 94.) However, the Court construes this as a renewed motion because Mr. Hickles incorporates by reference his previous filings at Docket Numbers 74, 76, 77, 78, 88, and 89. (*See id.*)

possession of methamphetamine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. (Dkt. Nos. 20, 22.) The Court sentenced Mr. Hickles to 84 months of incarceration followed by three years of supervised release. (Dkt. Nos. 35, 36.) During his sentencing hearing, the Court emphasized that Mr. Hickles had a prior firearm conviction and "was in possession of one of the largest collections of dangerous weapons that [the Court had seen in] three or four decades on the bench." (Dkt. No. 72 at 9–10.) The Court also considered Mr. Hickles's difficult childhood and background in arriving at the sentence, which was below the guidelines range. (*Id.*) Mr. Hickles has been incarcerated for approximately 36 months. (*See* Dkt. No. 74 at 4.)

On December 28, 2020, Mr. Hickles moved for a reduction in sentence under 18 U.S.C. § 3582(c)(1). (Dkt. No. 74.) The Court denied Mr. Hickles's motion because he failed to satisfy the exhaustion requirement at 18 U.S.C. § 3582(c)(1)(A) before filing his motion. (Dkt. No. 90 at 2.) After satisfying the exhaustion requirement, Mr. Hickles renewed his motion. (Dkt. No. 91.) Mr. Hickles requests that the Court reduce his sentence and release him because FCI Sheridan, where he is housed, has experienced a spike in COVID-19 cases and Mr. Hickles has underlying health conditions that make him more likely to develop severe illness from COVID-19. (*See* Dkt. No. 74 at 1–2, 16–23.)

## II. DISCUSSION

### A. Motion for Reduction in Sentence

The Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i).[2] The defendant bears the burden of making this showing. *United*

---

[2] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL

*States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). Although the Ninth Circuit has not directly addressed the issue, at least four Courts of Appeals have held that the Sentencing Commission's relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is not "applicable" to a motion for a reduction in sentence filed by a defendant directly (rather than by the Bureau of Prisons) and therefore does not constrain the Court's discretion. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). But even if the policy statement is not binding, the Court may consider it in the exercise of its discretion. *See Gunn*, 980 F.3d at 1180. The policy statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release, USSG § 1B1.13(2), and the Court finds that to be an appropriate consideration. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

Health conditions that increase an individual's risk of a severe case of COVID-19 may constitute extraordinary and compelling circumstances. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). Mr. Hickles is obese, which increases his risk of developing severe illness from COVID-19. (*See* Dkt. Nos. 74 at 4, 89.) Mr. Hickles also has been diagnosed with major depression and post-traumatic stress disorder, which he argues suppress his immune response and put him at greater risk of contracting severe illness from COVID-19. (Dkt. Nos. 74 at 4–5, 76, 78.) However, because Mr. Hickles has failed to demonstrate that he would not present a danger to the community upon release or that a reduction in his sentence would be consistent with the 18 U.S.C. § 3553(a) factors, the Court need not decide whether he has established

---

7383648 (6th Cir. 2020). Mr. Hickles has now satisfied this requirement. (*See* Dkt. Nos. 91 at 1–2, 91-1.)

extraordinary and compelling circumstances.

In assessing whether Mr. Hickles would present a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the nature of the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The nature and circumstances of Mr. Hickles's offenses were very serious, including the extent of his drug trafficking operation and the arsenal of dangerous weapons he unlawfully possessed. (Dkt. No. 22 at 6–7.) The weight of the evidence was strong, as law enforcement found the firearms, methamphetamine, and cash in Mr. Hickles's bedroom. (*Id.*) In light of Mr. Hickles's history, which includes a prior firearms conviction, the Court FINDS he would present a danger to the community upon release.

The section 3553(a) factors also weigh against release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, and the need to avoid sentencing disparities. *See* 18 U.S.C. § 3553(a). Releasing Mr. Hickles early would undermine the goals of sentencing. As noted, the nature and circumstances of the offense are very serious. Additionally, the Court already sentenced Mr. Hickles below the guidelines range. (Dkt. No. 72 at 9–10.) Reducing his sentence even further below the guidelines range from 84 months to just over 36 months would not adequately reflect the seriousness of the offense, nor would it promote respect for the law, provide adequate deterrence, or sufficiently protect the public.

**B.     Motion to Seal**

The Government moves to seal Mr. Hickles's medical records. (Dkt. No. 94.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive

1  motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006).
2  The Court need not decide whether Mr. Hickles's motion for a reduction in sentence is a
3  dispositive motion because the Court FINDS that Mr. Hickles has a compelling interest in
4  maintaining his medical records under seal and that interest outweighs the public's interest in
5  their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1
6  (W.D. Wash. 2013).

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Hickles's motion for a reduction in sentence (Dkt. No. 91) and GRANTS the Government's motion to seal (Dkt. No. 94). The Court DIERCTS the Clerk to maintain Document Number 95 under seal.

DATED this 8th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE