THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JERMAINE L. HICKLES,<br><br>　　　　　　Defendant. | CASE NO. CR18-0015-JCC<br><br>ORDER |

　　This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 101). Having considered the relevant record, the Court DENIES the motion for the reasons explained herein.

　　Defendant pleaded guilty to drug and firearm charges. (*See* Dkt. No. 22 at 1–2.) The Court sentenced him to 84 months of imprisonment, followed by three years of supervised release. (Dkt. No. 36 at 2–3.) After completing his prison sentence, Defendant began his term of supervised release on December 5, 2023, and it is set to expire on December 4, 2026. (*See* Dkt. Nos. 97 at 1, 102 at 1.) Defendant now moves for early termination of supervised release, citing his compliance with the conditions of supervision, stable residence and family life, and consistent employment. (*See generally* Dkt. No. 101.)

　　The Court may terminate supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid sentence disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

The United States Probation and Pretrial Services Office and the Government both oppose early termination, citing the seriousness of Defendant's federal conviction, his criminal history, and his lack of employment history. (*See* Dkt. Nos. 102 at 2, 103 at 2–3.)

While the Court is pleased with Defendant's performance under supervision, it does not find that this alone warrants early termination. Given Defendant's prior criminal record, (*see generally* Dkt. No. 8), and the seriousness of his federal conviction, (*see* Dkt. No. 22 at 6–7), 19 months of general compliance are not enough to reduce the remainder of his three-year term under the 18 U.S.C § 3553(a) factors—particularly the public safety factor. *See* 18 U.S.C. § 3583(e)(1).

Accordingly, Defendant's motion for early termination of supervised release (Dkt. No. 101) is DENIED.

DATED this 18th day of June 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR18-0015-JCC
PAGE - 2